

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 31, 1951

Hon. Walter Oeltjen
County Attorney
Fayette County
La Grange, Texas

Opinion No. V-1224

Re: Continuation of State ad valo-
rem tax levies in county in
which tax donations were pre-
viously granted to Flood Con-
trol District which has no
outstanding obligations.

Dear Sir:

You have requested the opinion of this office as to
whether the State Automatic Tax Board will cause to be levied an-
nually in the Fayette County Flood Control District the full thirty
cents State ad valorem tax for the year 1951 and thereafter until
the expiration date of the grant of State ad valorem taxes heretofore
made to said district.

The boundaries of the Fayette County Flood Control
District coincide with the boundaries of Fayette County. H.B. 514,
Acts 50th Leg., 1947, ch. 185, p. 314.

Section 1(b) of Senate Bill 77, Acts 49th Leg., 1945, ch.
364, p. 654, reads as follows:

"(b) For a period of ten (10) years, commencing
with September 1, following the adoption of this Act
there is hereby donated and granted by the State of
Texas to the Fayette County Flood Control District
one-half (1/2) of the state ad valorem taxes collected
for general revenue purposes upon the property and
from persons in Fayette County, which taxes when col-
lected shall be used by the said county for the purposes
of preventing the continued public calamity caused by
great floods, and to construct improvements to control
flood waters in the said county for the protection of life,
property, soil, forests, and public highways lying with-
in the said county."

Section 1-a of Article VIII of the Constitution of the State
of Texas, adopted November 2, 1948, provides that from and after
January 1, 1951, no State ad valorem tax will be levied upon any prop-
erty within the State for general revenue purposes. It also author-
izes a new county tax and further provides "that in those counties or
political subdivisions or areas of the State from which tax donations

have heretofore been granted, the State Automatic Tax Board shall continue to levy the full amount of the State ad valorem tax for the duration of such donation, or until all legal obligations heretofore authorized by the law granting such donation or donations shall have been fully discharged, whichever shall first occur; provided that if such donation to any such county or political subdivision is for less than the full amount of State ad valorem taxes so levied, the portion of such taxes remaining over and above such donation shall be retained by said county or subdivision."

Article 7048a, V.C.S., enacted in pursuance to the authorization of Section 1-a, provides enabling machinery for the new county tax. Acts 51st Leg., R.S. 1949, ch. 464, p. 849. Section 10 (a)(1) of Article 7048a reads as follows:

"Beginning in the year 1951 and each year thereafter the State Automatic Tax Board created by Article 7041 of the Revised Civil Statutes of Texas, 1925, shall cause to be levied annually in each county, political subdivision or other defined area, the full thirty cents (30¢) State ad valorem tax for general revenue purposes, the proceeds of which heretofore were donated and granted by the Legislature to certain counties, political subdivisions or other defined areas for the purpose of carrying out and performing actions of preventing calamities, improving, protecting and reclaiming certain areas for and on behalf of the State as more fully declared in each applicable law or laws making such donation or grant and said Board shall continue to levy such tax at said rate in each such designated area until the bonds or other obligations of said areas authorized or incurred in connection with the performance of such action on behalf of the State shall have been fully paid or discharged or until the expiration date of such donation or grant as may be determined from the law or laws making such grant or donation, whichever shall first occur."

In the brief which you submitted for our consideration in connection with your request, you state that the Fayette County Flood Control District has never issued any bonds and does not have any outstanding indebtedness, the flood control program in Fayette County having been operated on a cash basis since the program was inaugurated. We quote the following excerpt from your brief:

"In my opinion that clause in the Constitutional Amendment, hereinbefore mentioned, which states 'for the duration of such donation' and the clause in Article 7048a Sec. 10 (a) (1) which states 'until the expiration date of such donation' would not have been included in

the Constitutional Amendment and Statute if the legis-
lature had not intended that such clause should have
some meaning or effect. The Fayette County Flood
Control District which operates on a cash basis would
now be penalized merely because it is operating on a
cash basis and because it did not immediately go into
debt at the commencement of the donation period by
issuing bonds.

"If this county would have issued bonds and such
bonds were paid off in a given year, then most certain-
ly the donation would end in the year the bonds are paid
off since in such case the discharge of legal obligations
did 'first occur.' However, in our instance where the
Flood Control District is on a cash basis, it would be
impossible for the discharge of legal obligations to
'first occur' since there are no legal obligations to be
paid off or to be discharged. Therefore, in my opinion,
the duration of the donation in our county must neces-
sarily be for the fully ten year period.

"There are two conditions set out in the Consti-
tutional Amendment and the Statute, i.e. the expiration
of the donation period or the discharge of the legal ob-
ligations outstanding, either of which will cause the levy
of the ad valorem tax to terminate. Since in the case
of the Fayette County Flood Control District the second
condition cannot occur since there are no legal obliga-
tions to discharge, then it appears that the grant should
continue until the first condition occurs, namely the ex-
piration date of the donation."

We cannot agree with your conclusion for the following
reasons. The constitutional requirement that the levy shall con-
tinue "for the duration of such donation, or until all legal obliga-
tions heretofore authorized by the law granting such donation or
donations shall have been fully discharged" is broad enough to cover
any contractual agreement or undertaking which had been concluded
by the Fayette County Flood Control District. Such legal obliga-
tions, though paid for at the time from past donations, have, neces-
sarily, been "fully discharged." A bond issue is only one type of
legal obligation, and we see no reason to limit the meaning of the
phrase "legal obligations" to bond issues. Evidently the Legisla-
ture did not so interpret the phrase, since Section 10(a)(1), previous-
ly quoted, requires the Board to continue to levy the previously do-
nated tax "until the bonds or other obligations of said areas . . .
shall have been fully paid or discharged or until the expiration date
of such donation or grant . . . whichever shall first occur."

Of course, it was not necessary for the Legislature to embody this provision in Article 7048a because the constitutional provision for the continued levy is a mandatory one; and, going a step further, had Section 1-a omitted this requirement, it would nevertheless have been read into Section 1-a by reason of the provisions of the State and Federal Constitution which prohibit impairing the obligation of contracts. In expressly providing the requirement for the continued levy, we think that the framers of the constitutional amendment sought to make clear that although existing contracts were not affected, it was their desire to cut off all donations which were not required by law to be continued. In this view of the matter, Fayette County Flood Control District is no more penalized by virtue of the fact that it has operated on a "cash basis" than it would be had it issued bonds which matured in 1950 and were retired. You recognize the unquestioned termination of a grant in the latter instance.

You are therefore advised that the State Automatic Tax Board should no longer levy the State ad valorem tax in Fayette County.

## SUMMARY

Since the Fayette County Flood Control District has no outstanding indebtedness, it has discharged all legal obligations authorized by the law granting it a tax donation from Fayette County. The State Automatic Tax Board should not continue to levy the State ad valorem tax in Fayette County for the duration of the donation. Tex. Const., Art. VIII, Sec. 1-a.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By *Marietta McGregor Creel*
Mrs. Marietta McGregor Creel
Assistant

W. V. Geppert
Taxation Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

MMC/mwb